IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ALAIN POLO-ROJAS**                                                         **PETITIONER**

**V.**                                                       **CIVIL ACTION NO. 3:18CV791 CWR-LGI**

**WARDEN RIVERS**                                                   **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Alain Polo-Rojas brings the instant petition for writ of habeas corpus relief pursuant to 28 U.S.C. § 2241, seeking judicial review of his sentence computation by the Federal Bureau of Prisons ("BOP"). Respondent moves to dismiss the petition on the grounds that Petitioner failed to exhaust administrative remedies that were available to him through the BOP's Administrative Remedies Program. Having considered the submissions of the parties and the applicable law, the undersigned is of the opinion that the petition should be dismissed for failure to exhaust administrative remedies.

Petitioner is currently in federal custody[1] serving a term of imprisonment imposed by the United States District Court of the Southern District of Florida. His projected

---

[1] The proper respondent in a habeas challenge is the custodian of the petitioner. 28 U.S.C. §§ 2242-2243. At the time of filing, Petitioner was in housed at the Federal Correctional Complex-Low in Yazoo City, Mississippi, and correctly named the warden at FCC-Yazoo as the Respondent. Though Petitioner has failed to provide the Court with a change-of-address in compliance with the Local Rules, the BOP website indicates that he has been transferred to a new facility. www.bop.gov/inmateloc/ (last visited March 10, 2021). Notwithstanding, jurisdiction over a § 2241 petition attaches at the time of filing; thus, this court has jurisdiction, notwithstanding his transfer to a different facility and custodian. *See Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014).

release date is May 8, 2025. Construed liberally, Petitioner alleges that BOP officials have failed to calculate his sentence in accordance with the sentencing court's intention.

The United States Attorney General, through the BOP, "determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences." *Leal v. Tombone,* 341 F.3d 427, 428 (5Cir. 2003) (citing *United States v. Wilson,* 503 U.S. 329, 331-32, 334 (1992)).  The BOP computation is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination: first, the BOP determines the date on which the federal sentence commences and, second, the BOP determines whether the prisoner is entitled to any credit for time spent in custody prior to the commencement of the sentence, i.e., prior-custody credit.

However, the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Inmates exhaust their administrative remedies by complying with the BOP's Administrative Remedy Program—a four-step administrative remedies process codified in 28 C.F.R. §§ 542.10–542.19.  To exhaust, an inmate must first file a BP-8 form requesting informal resolution.  If this is unsuccessful, the inmate must submit a formal written Administrative Remedy Request directly to the Warden through a BP-9 form within 20 days after the basis for the grievance occurred.  Within 20 days of the Warden's response, the inmate may appeal to the Regional Director by filing a BP-10 form.  If not satisfied with the Regional Director's response, the inmate may appeal by

2

submitting a BP-11 form to the General Counsel within 30 days. Upon completing this multiple-tiered review process, the inmate has exhausted his administrative remedies.

An inmate must complete all steps in the administrative remedies process, even if the relief he seeks cannot be granted. *Woodford v. Ngo,* 548 U.S. 81, 85 (2006). Substantial compliance will not suffice. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). However, when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," petitioners need not exhaust administrative remedies. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Hayward v. Upton*, 777 F. App'x 117 (5th Cir. 2019) (quoting *Fuller*, 11 F.3d at 62). The petitioner bears the burden of demonstrating the futility of administrative review. *Fillingham v. United States*, 867 F.3d 531, 535 (5th Cir. 2017) (citing *Fuller*, 11 F.3d at 62).

Although Petitioner asserts that he exhausted BOP's administrative remedies before filing the instant action, he has not produced any evidence corroborating this assertion, nor has he responded to the motion to dismiss. By comparison, Respondent has submitted an affidavit from Stanley Anderson, a Deputy Case Management Coordinator at FCC-Yazoo responsible for processing the administrative remedy requests filed by inmates. As a case manager, Anderson has access to and knowledge of

"SENTRY"—a computer records system that tracks an inmate's use of BOP's Administrative Remedies Program. Anderson's search of the SENTRY system reveals that no administrative remedy filings have been filed on Petitioner's behalf. Petitioner has not rebutted or otherwise responded to this evidence. Absent proof of exhaustion or a showing of extraordinary circumstances warranting an exception to the exhaustion requirement, the instant petition must be dismissed for failure to exhaust administrative remedies.

For the reasons stated herein, the undersigned recommends that the petition be dismissed for failure to exhaust administrative remedies without prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections.[2] Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and

---

[2] The docket indicates that the last order mailed to Petitioner was returned as undeliverable because he has failed to file a change-of-address in compliance with local rules. The Court takes judicial notice of the Bureau of Prisons website which reflects that Petitioner is currently housed at FCI Marianna, 3625 FCI Road, Marianna, Fl 32446. *See* www.bop.gov/inmateloc/ (last visited March 10, 2021).

4

recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

    Respectfully submitted on March 10, 2021

___s/ LaKeysha Greer Isaac___  
UNITED STATES MAGISTRATE JUDGE
